Breitel, J. (dissenting).
There is no disagreement in the court as to the reviewability of the Authority’s action. There is disagreement whether the Authority’s action was arbitrary and capricious.
The issue is not whether the six-year-old and the eight-year-old bourbons were different, but whether the difference, together with other manipulative circumstances, was used by the distiller to evade provisions of law regulating liquor prices. And whether there was such manipulative use of the difference between the two kinds of bourbon is a question exclusively for the Authority to determine if there is any rational basis to support its view.
The Appellate Division majority concluded that there was a rational basis for the Authority’s determination and I agree.
While there is a difference between six and eight-year-old. bourbon it is a difference of limited degree both as to quality and cost of production. A crucial circumstance which makes understandable and rational the action of the Authority is that the distiller’s application for the new eight-year-old label was coupled with its request to withdraw its six-year-old bourbon from the New York market. A further crucial circumstance is that the distiller does not propose to withdraw its six-year-old bourbon in markets outside the State where it also sells eight-year-old bourbon. As stated by the Appellate Division: ‘ ‘ By this mechanism the petitioner could maintain the price of a medium bourbon in New York (eight-year-old) and market a medium age bourbon throughout the country (six-year-old) at any price it saw fit.” (29 A D 2d, p. 360.) In rejecting the distiller’s application the Authority was not seeking to control what was sold but to enforce the price regulation features of the statute (Alcoholic Beverage Control Law, § 101-b, subd. 3, pars. [d]-[i]), at least as they affected medium age bourbon, in which class both the six-year-old and eight-year-old bourbon fall.
The net effect, therefore, of the .distiller’s action, as now approved by this court, is to remove from the New York market *42 the lower-priced six-year bourbon. In this way the legislative and statutory policy of the State to give New York consumers most favored price treatment afforded consumers in other States is denied in this instance. I also conclude that the Authority’s power to approve or disapprove labels implies a power to reject a label if it serves the purpose of evading other provisions of law.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Burke, Scjleppi, Bergan, Keating- and Jasen concur with Chief Judge Fuld; Judge Bkeitel dissents and votes to affirm in a separate opinion.
Order reversed, with costs to petitioner in this court and in the Appellate Division, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.